## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| LYNETTE JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-01329-JAR |
| | ) | |
| THE HARTFORD FINANCIAL SERVICES | ) | |
| GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Lynette Jackson sues The Hartford Financial Services Group for allegedly denying and delaying her short- and long-term disability benefits. (ECF No. 1 at 1). She moves for leave to proceed *in forma pauperis*, the appointment of counsel, leave to amend, and to compel a ruling. (ECF Nos. 2–4, 6–8, 11–13). Because Jackson is unable to pay the costs associated with this action, the Court grants her motion to proceed *in forma pauperis*. Nevertheless, for the reasons discussed below, the Court dismisses this action without prejudice and denies all other pending motions.

## I.    Background

Jackson, a former employee of American Water, alleges that she first sought disability benefits in 2019 due to unspecified health conditions. (ECF No. 1 at 1). She alleges that Hartford engaged in bad faith and fraudulent practices by underpaying her short-term disability ("STD") benefits and erroneously claiming that she lacked long-term disability ("LTD") coverage. *Id*. at 1–2. Jackson asserts that Hartford's actions led to her termination from American Water in November 2020, causing severe financial hardship, emotional distress, anxiety, and other mental health issues. *Id*. at 2. She brings claims under the Employee Retirement Income Security Act ("ERISA"), the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, the Family

and Medical Leave Act ("FMLA"), and various state laws. *Id*. at 1–2. She seeks $300,000,000 in compensatory and punitive damages. *Id*. at 3.

Jackson previously pursued an action arising from the same alleged denial of disability benefits. *See Jackson v. Hartford Life and Accident Insurance Company*, No. 4:24-cv-01366-JAR (E.D. Mo. Oct. 11, 2024). The Court dismissed that action without prejudice after Jackson failed to comply with a Court order. *Id*.

## II.    Standard

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A complaint is frivolous if it lacks an arguable basis in law or fact. *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992).

To state a claim for relief, a complaint must plead more than "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plaintiff must allege facts that demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct." *Id*. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556).

When reviewing a self-represented litigant's complaint under § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam), and liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines*

*v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Liberal construction means that, if the Court can discern "the essence of an allegation," it should construe the complaint in a way that permits consideration of the claim within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court does not assume unalleged facts, *Stone*, 364 F.3d at 914–15, or excuse compliance with procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## III.    Discussion

### A.    State-law claims

Jackson asserts state-law claims for bad faith and insurance fraud in relation to her employee health plan. (ECF No. 1 at 2). It is well-established, however, that ERISA preempts state-law tort and statutory claims—including bad faith and fraud—that "relate to" the administration of an ERISA-governed plan. *See, e.g., Kuhl v. Lincoln Nat. Health Plan of Kansas City, Inc.*, 999 F.2d 298, 301 (8th Cir. 1993). Because Jackson's claims for bad faith and fraud arise directly from the administration of her employee health plan, they are preempted. Therefore, the Court dismisses Jackson's state-law claims.

### B.    ERISA claims

Jackson also invokes ERISA directly. (ECF No. 1 at 2). ERISA authorizes a participant or beneficiary to sue "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Liberally construed, Jackson's complaint appears to challenge the calculation and denial of disability benefits under an ERISA-governed plan. But Jackson does not

identify a particular disability, impairment, or medical condition, nor does she allege any facts describing functional limitations that would bring her condition within the plan's definition of disability.

Although Jackson need not plead medical evidence or a formal diagnosis at this stage, she must allege sufficient factual matter to suggest entitlement to benefits under the plan. Without such factual information, Jackson cannot plausibly establish that she had a qualifying disability or that she was otherwise entitled to coverage. *See Iqbal*, 556 U.S. at 678–79. Jackson's allegation that she became "medically unable to work" (ECF No. 1 at 1) is a "naked assertion" devoid of "further factual enhancement." *Id*. Conclusory assertions that Hartford wrongly denied benefits, without factual allegations plausibly suggesting entitlement to benefits under the terms of the plan, are insufficient to state a claim under ERISA. *Id*. Accordingly, the Court dismisses Jackson's ERISA claims.

### C.    ADA and Rehabilitation Act claims

Jackson also asserts claims under the ADA and the Rehabilitation Act. Title I of the ADA prohibits employment discrimination against qualified individuals with disabilities in the private sector. 42 U.S.C. § 12112. To succeed under Title I of the ADA, an employee must demonstrate: (1) a qualifying disability under the ADA, (2) the ability to perform essential job functions with or without reasonable accommodation, and (3) an adverse employment action due to the disability. *McPherson v. O'Reilly Auto., Inc.*, 491 F.3d 726, 730 (8th Cir. 2007). Similarly, to state a claim under § 504 of the Rehabilitation Act, a plaintiff must plausibly allege that (1) she is a qualified individual with a disability; (2) she was excluded from participation in or denied the benefits of a program or activity receiving federal financial assistance; and (3) the exclusion or denial occurred

because of her disability. *M.P. ex rel. K. & D.P. v. Indep. Sch. Dist. No. 721, New Prague, Minn.*, 439 F.3d 865, 867 (8th Cir. 2006).

Liberally construed, Jackson's allegations—that her disability claims were denied and that she was treated unfairly as a result—might suffice to plausibly allege disability discrimination by her former employer. But Jackson does not sue her former employer in this action. Instead, she brings suit only against Hartford, the insurer. Jackson does not allege that Hartford discriminated against her on the basis of her disability, only that American Water terminated her employment on that basis. (ECF No. 1 at 2). The Court therefore dismisses Jackson's ADA and Rehabilitation Act claims.

### D.    FMLA claim

Jackson alleges that Hartford interfered with her FMLA rights. The FMLA makes it unlawful for an "employer" to "interfere with, restrain, or deny [one's] exercise of or the attempt to exercise" his or her rights under the Act. 29 U.S.C. § 2615(a)(1). It also prohibits discrimination against "any individual for opposing any practice made unlawful" under the Act. 29 U.S.C. § 2615(a)(2).

As with her ADA and Rehabilitation Act claims, Jackson's FMLA claim fails because she does not allege that Hartford was her employer. Without such an allegation, the Court cannot reasonably infer that Hartford violated the FMLA. *See Iqbal*, 556 U.S. at 678–79; *McNeil*, 508 U.S. at 113. Accordingly, the Court dismisses Jackson's FMLA claim.

### E.    Motion to amend

Jackson moves for leave to amend her complaint to add claims for "fraud upon the court," denial of access to the courts, and alleged attorney and clerk misconduct. (ECF No. 8). She attaches

a proposed amended complaint setting forth additional factual allegations related to prior litigation and alleged irregularities in court proceedings. (ECF No. 8-1).

Although Federal Rule of Civil Procedure 15(a)(2) provides that courts should freely give leave to amend when justice so requires, a court may deny leave where amendment would be futile. *See Zutz v. Nelson*, 601 F.3d 842, 850–51 (8th Cir. 2010). An amendment is futile if the proposed claims would not survive review under Rule 12(b)(6). *Id*. at 852.

The Court has reviewed Jackson's proposed amendment. The additional allegations concern alleged misconduct in prior proceedings, purported misuse of case numbers, and denial of access to courts. Even accepting those allegations as true, they do not state a plausible claim for relief against Hartford in this action. The proposed amendment does not allege facts curing the deficiencies identified above with respect to Jackson's ERISA, ADA, Rehabilitation Act, or FMLA claims. Nor does it establish an independent cause of action against Hartford arising from the alleged irregularities in other proceedings.

Because the proposed amendment would not state a cognizable claim against Hartford and would not remedy the pleading deficiencies in the original complaint, amendment would be futile. *See Zutz*, 601 F.3d at 852. The Court therefore denies Jackson's motion for leave to amend. (ECF No. 8).

## IV.    Conclusion

For the foregoing reasons, the Court grants Jackson's motion to proceed *in forma pauperis* and dismisses this action for failure to state a plausible claim to relief under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court denies all other pending motions.

Accordingly,

**IT IS HEREBY ORDERED** that Jackson's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Jackson's motion to amend (ECF No. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that all other pending motions (ECF Nos. 3, 4, 6, 7, 11–13) are **DENIED** as moot.

A separate Order of Dismissal accompanies this Memorandum and Order.

Dated this 9th day of February 2026.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE